GORHAM MANUFACTURING COMPANY *vs.* DORA VISELLI.

APRIL 24, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition by the employer, under general laws 1938, chapter 300, to review an agreement with the respondent, who received a "back injury" on January 29, 1945, by accident arising out of and in the course of her

employment by the petitioner, which agreement was duly approved by the director of labor. The petition alleges that the respondent is now only partially incapacitated but that she insists upon the payment to her of weekly compensation based upon total incapacity.

Following a hearing in the superior court a decree was entered granting the prayer of the petition on the following findings of fact: (1) That the respondent was only partially disabled in earning capacity; (2) that the petitioner had offered her light work as an inspector of silver; (3) that she was able to perform that work and would earn $28.60 each week; and (4) that her average weekly wage at the time of the accident was $40.42. The decree based upon these findings of fact provided that she was presently entitled to payment at the rate of $7.09 per week for partial incapacity. From the entry of that decree the respondent appealed to this court.

No witness testified at the hearing in the superior court. By agreement the parties rested their respective claims on the following documents which were duly introduced in evidence. The petitioner put in evidence a letter to respondent's attorney, dated February 22, 1946, in which it offered the respondent light work as an inspector of silverware at 55¢ an hour as a starting rate, or at a weekly pay of $28.60. It also put in evidence the report of Dr. A. A. Savastano, who examined the respondent, first on November 17, 1945, and again on April 20, 1946, as impartial examiner under appointment by the director of labor. In the report following his second examination, Dr. Savastano said: "I still feel that this patient's complaints are out of all proportion to the positive objective physical findings." He further expressed the opinion that she was then able to do the light work offered her by the petitioner, as described in the above-mentioned letter.

The respondent put in evidence the report of Dr. Louis J. Cella, dated April 8, 1946 and addressed "To Whom It May Concern"; and the report of Dr. Roland Hammond, dated

April 11, 1946, to her attorney. Doctor Cella, who described his examination of the respondent briefly and in general terms, expressed the opinion that she was suffering from a sacroiliac joint strain complicated by the stirring up of a previously dormant arthritis; that her ailment was aggravated also by weather conditions; that she was unable to work at that time; and that she was "being given heat, massage, exercise, belt, strappings every three days." The report further stated that the respondent had been under his care since January 1, 1946.

Doctor Hammond's report is much more specific than that of Dr. Cella and includes therein the findings of an X-ray examination. In stating his opinion Dr. Hammond said: "It is difficult to evaluate properly the findings in this case, because of the marked resistance to examination. There was considerable limitation to back movements but the examiner was of the opinion that further movements could have been made. . . . It seems as if this patient could take up light work and such an attempt should be made."

With this conflicting medical testimony in the case, the respondent concedes that under our well-established rule the findings of fact by the trial justice as to her physical condition are supported by legal evidence and therefore are conclusive upon us under the act. But the contention is made by her counsel that, because the petitioner's letter of February 22, 1946 was addressed to him and not to her directly, there was no legal evidence to support a finding that the petitioner had offered her light work of a character that she. could do.

When that letter was put in evidence by agreement at the hearing of this case in the superior court, there then was legal evidence to support a finding by the trial justice that the petitioner offered the respondent directly to employ her at light work of the character and upon the terms set forth in the letter; and also a further finding that, in view of his conclusions based on the conflicting medical evidence, she was

able at that time to do such work. There. is clearly no merit in the contention.

We may add here that if the offered work is no longer available to the respondent, or should she fail to make an honest effort to do that work if it is open to her, or if conditions as found by the trial justice should materially change for either side, the parties are free to take such other and further proceedings in the matter, within the provisions of the act, as they may be advised.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Sisson, Fletcher, Worrell & Hodge, Lee A. Worrell,* for petitioner.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg,* for respondent.